*FILED
SUPERIOR COURT
OF GUAM

2021 FEB 22 PM 12: 16

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )
) CRIMINAL CASE NO. CF0485-20
PLAINTIFF, )
)
) DECISION OVERRULING
V. ) *BATSON* CHALLENGE ON THE
) BASIS OF GENDER
BRADLEY P. SATO )
DOB: 06/16/1976, )
)
DEFENDANT. )

This Decision and Order memorializes the oral ruling of the Honorable Maria T. Cenzon overruling the People's challenge to the panel selected during the Jury Selection of this matter on February 16, 2020, based upon the Defendant's exercise of his peremptory challenges purportedly improperly excluding women from the panel on the basis of gender. Defendant Bradley P. Sato ("Sato") was present with counsel, Assistant Public Defenders John Morrison and Brian Eggleston. The People were represented by Chief Prosecutor Basil O'Mallan.

## INTRODUCTION

On February 16, 2021, during Jury Selection of this matter, Mr. O'Mallan challenged the jury panel alleging a violation of the principles established by *Batson v. Kentucky*, 476 U.S. 79 (1986), as extended to gender through *J.E.B. v. Alabama*, 511 U.S.

127 (1994).[1] At the conclusion of the selection process, when the Court inquired whether there were any challenges to the composition of the jury under *Batson*, Mr. O'Mallan raised the challenge, arguing that it appeared that defense counsel was exercising his peremptory challenges in a way that suggested gender bias and, specifically, that he was excluding female jurors.

In response to the challenge, Mr. Morrison disputed the claim that his use of peremptory challenges was gender based, arguing that his decisions were grounded largely upon their responses to the Juror Questionnaire and, in particular, their responses to the questions involving personal feelings and biases against defendants charged with Criminal Sexual Conduct offenses. The Court did not require Mr. Morrison to detail his reasons for each juror he excused.

The resulting panel is composed of two (2) females and ten (10) males. The panel of alternates is composed of two (2) females and two (2) males.

The following table identifies the Jurors (by their juror and group numbers) excused by the Defendant:

| Juror By Initials | Badge Number | Group Number | Gender | Juror Questionnaire Number |
|---|---|---|---|---|
| P. C. | 52952 | 1070 | Female | 34 |
| N. F. | 51317 | 1070 | Female | 38 |
| Z. B. | 52509 | 1074 | Female | 59 |
| A. C. | 51234 | 1067 | Female | 13 |
| M. M. | 52619 | 1067 | Female | 14 |

---

[1] The People did not cite specifically to *JEB*; however, the Court notes that *J.E.B.* extended *Batson* to gender bias in the selection of jurors.

| | | | | |
|---|---|---|---|---|
| J. S. | 48223 | 1071 | Female | 35 |
| N. M. | 47071 | 1069 | Female | 32 |
| M. T. S. | 51090 | 1074 | Female | 63 |
| J. C. R. | 51422 | 1091 | Female | 100 |
| P. V. | 50436 | 1066 | Female | 5 |
| J. T. (Alternate) | 51838 | 1090 | Male | 81 |
| E. N. (Alternate) | 47797 | 1071 | Female | 39 |

The following table identifies the Jurors excused by the People:

| Juror | Badge Number | Group Number | Gender | Juror Questionnaire Number |
|---|---|---|---|---|
| W. M. | 48769 | 1069 | Male | 27 |
| D. T. | 51464 | 1072 | Male | 97 |
| J. R. | 46252 | 1089 | Male | 95 |
| J. S. N. | 47848 | 1075 | Male | 46 |
| J. H. | 53086 | 1074 | Male | 54 |

Although the Court did not require Mr. Morrison to identify a non-gender reason for excusing *each* individual juror, it overruled the People's objection, finding that the Defendant articulated reasons, including referencing the responses of several of the jurors to questions in the Jury Questionnaire pertaining to personal feelings or bias against a Defendant charged with a Criminal Sexual Conduct offense. The Court now articulates additional reasons for overruling the objection.

//

//

## ANALYSIS

*J.E.B. v. Alabama*, 511 U.S. 127 (1994), extends the fundamental principles of *Batson* to preclude discrimination in jury selection on the basis of gender. There, the Court stated:

> Equal opportunity to participate in the fair administration of justice is fundamental to our democratic system. It not only furthers the goals of the jury system. It reaffirms the promise of equality under the law—that all citizens, regardless of race, ethnicity, or gender, have the chance to take part directly in our democracy. *Powers v. Ohio*, 499 U.S., at 407, 111 S.Ct., at 1369 ("Indeed, with the exception of voting, for most citizens the honor and privilege of jury duty is their most significant opportunity to participate in the democratic process"). When persons are excluded from participation in our democratic processes solely because of race or gender, this promise of equality dims, and the integrity of our judicial system is jeopardized.
>
> In view of these concerns, the Equal Protection Clause prohibits discrimination in jury selection on the basis of gender, or on the assumption that an individual will be biased in a particular case for no reason other than the fact that the person happens to be a woman or happens to be a man. As with race, the "core guarantee of equal protection, ensuring citizens that their State will not discriminate ..., would be meaningless were we to approve the exclusion of jurors on the basis of such assumptions, which arise solely from the jurors' [gender]." *Batson*, 476 U.S., at 97–98, 106 S.Ct., at 1723–1724.

*JEB* at pp. 145 – 146.

However, "a party alleging gender discrimination must make a prima facie showing of intentional discrimination before the party exercising the challenge is required to explain the basis for the strike." *Id.* at 145 (citing *Batson*, 476 U.S., at 97, 106 S.Ct., at 1723). Moreover, when an explanation is required, "it need not rise to the level of a 'for cause' challenge; rather, it merely must be based on a juror characteristic other

than gender, and the proffered explanation may not be pretextual." *Id.* (citing *Hernandez v. New York*, 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991)).

In assessing the reasons proffered by Mr. Morrison in support of the use of a peremptory challenge, courts have held that "... [a]n explanation ... need not ... be pigeon-holed as wholly acceptable or wholly unacceptable ... and even where the acceptability of a particular explanation is doubtful, the inquiry is not at an end. In deciding the ultimate issue of discriminatory intent, the judicial officer is entitled to assess each explanation in light of all the other evidence relevant to prosecutorial intent. The officer may think a dubious explanation undermines the bona fides of other explanations or may think that the sound explanations dispel the doubt raised by a questionable one. As with most inquiries into state of mind, the ultimate determination depends on an aggregate assessment of all the circumstances...." *State v. Clark*, 774 A.2d 183, 196-197 (citing *United States v. Alvarado*, 951 F.2d 22, 26 (2d Cir.1991)).

Finally, the trial court's decision on the question of discriminatory intent "represents a finding of fact that will necessarily turn on the court's evaluation of the demeanor and credibility of the attorney of the party exercising the peremptory challenge. (citations omitted). Accordingly, a trial court's determination that there has or has not been intentional discrimination is afforded great deference and will not be disturbed unless it is clearly erroneous." *Id.* at 197.

In this case, the People complained that it seems that the Defendant is excluding jurors from the panel only on the basis of gender. Other than this general statement,

the People did not proffer any articulable reasons sufficient to establish a prima facie showing of gender bias. However, even if mere observation based upon the number of females excused by the Defendant was sufficient to support a prima facie showing of such bias,[2] the Defendant provided a gender-neutral reason for using his peremptory challenges to excuse the female jurors from the panel.

Prior to commencing jury selection, the Court held proceedings outside of the presence of the jury and with counsels and the Defendant in its courtroom for the purpose of reviewing the responses to the Jury Questionnaires which had been completed by the panel earlier that day. During this hearing, the Court excused jurors who the parties agreed to excuse for cause and, in addition, the parties asked the Court to consider excusing others about whom they could not agree. The People requested two (2) additional jurors be excused and the Defendant identified thirteen (13) jurors whom he sought to be excused for cause based upon their responses to the questionnaires. The Court reserved decision on the request, pending further voir dire by counsels.

The Court and the parties asked jurors questions during the voir dire process and several jurors who were excused by the Defendant were among those identified by Mr. Morrison during the courtroom proceedings. They were: P.V. (Jury Questionnaire #5), M. M. (Jury Questionnaire #14), J.S. (Jury Questionnaire #35), J.R. (Jury

---

[2] *See, Clark* at 196 (factors that may indicate that a party's removal of a venireperson through a peremptory challenge was motivated by gender includes "the party [exercising the peremptory strike] used a disproporationate number of peremptory challenges to exclude members of one race [or gender]....".

Questionnaire #100) and J.T. (Jury Questionnaire #81). With the exception of Juror J.T., all other jurors are females. However, upon reviewing the responses of these jurors and given Mr. Morrison's non-gender related explanation for using his peremptory challenges to excuse them, the Court found, and continues to find, no *Batson* violation because it cannot be said that they were excused merely due to their gender.

The Court also notes that, while Mr. O'Mallan did not exercise all of his peremptory challenges and passed several times during the selection process, all of his peremptory challenges were used exclusively to strike males from the panel. However, the Defendant did not raise any *Batson* challenges to the panel as selected and the Court finds no reason to believe, under the circumstances and reviewing all relevant factors, that such exclusion was intended to be discriminatory.

For these reasons, the Court finds that no *Batson* or *J.E.B.* violation occurred during the jury selection process.

So Ordered this _____ FEB 22 2021 _____.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM